I concur in the holding that, because the record contains substantial and uncontradicted evidence that this mobile home moved in interstate commerce from Georgia to Alabama, this transaction is governed by the Federal Arbitration Act.
On the issue of whether the court or the arbitrator should decide Holt's remaining challenges to the arbitration agreement, my analysis is that the court should decide the challenges and that, under the law and facts of this case, the court should reject the challenges and require arbitration. Specifically, my interpretation of Holt's argument in his brief to us is that he is challenging only the making of the arbitration agreement itself and not the making of the whole contract which contains the arbitration agreement. Thus, the Federal Arbitration Act, and specifically 9 U.S.C. § 4, and all of the controlling precedents require that the court decide the challenge. First Options of Chicago,Inc. v. Kaplan, 514 U.S. 938 (1995), ATT Technologies, Inc. v.Communications Workers of America, 475 U.S. 643 (1986), Prima PaintCorp. v. Flood *Page 966 Conklin Mfg. Co., 388 U.S. 395 (1967), and OakwoodMobile Homes, Inc. v. Barger, 773 So.2d 454 (Ala. 2000).
Holt challenges the making of the arbitration agreement itself, first, on the ground that he could not read it and the salesman did not tell him about it when he signed the contract. I concur in the analysis in the main opinion on the merits of this challenge. A court addressing this challenge would be obliged to reject it as a matter of law on the undisputed facts. I note that, while the main opinion recites that the salesman grabbed the papers from Holt when Holt took too long looking at them, none of the briefs argue this fact, and Holt's brief does not argue that the salesman prevented Holt from reading the contract.
Holt's last challenge to the arbitration agreement is that it is unconscionable. Holt does not demonstrate unconscionability in his argument. Thus the court deciding this challenge to the arbitration agreement would be obliged to reject it as a matter of law applied to undisputed facts.